Ariadne Panagopoulou (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Roberto Cruz Santis, *on behalf of himself and others similarly situated*,<br><br>*Plaintiff*,<br><br>-v-<br><br>Pizza & Pita 34th, Inc. d/b/a Pizza & Pita, Magdy Mazrovea, and Syed Mohammad, *jointly and severally*,<br><br>*Defendants*. | Civil Case No.:<br><br>**FLSA COLLECTIVE ACTION**<br><br>**COMPLAINT** |

## NATURE OF THE ACTION

1. Plaintiff Roberto Cruz Santis ("Plaintiff"), brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, as well as the supporting New York State Department of Labor Regulations for violations of overtime pay, and failure to provide wage notices and wage statements.

## SUMMARY

2. Plaintiff was employed by Defendants, Pizza & Pita 34th, Inc. d/b/a Pizza & Pita, Magdy Mazrovea, and Syed Mohammad from October 2016 to February 15th, 2017.

1

3.      Plaintiff's duties included preparing pizza and other food, serving customers, packaging food for delivery and making food deliveries.

4.      During the entire period of his employment with Defendants, Plaintiff worked for an average of fifty-four (54) hours per week without receiving overtime compensation at the rate of one and one-half times his regular rate of pay for all hours worked above 40 hours per week.

5.      Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees overtime compensation by knowingly violating the FLSA and NYLL.

6.      As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

7.      Defendants' conduct extended beyond Plaintiff to many other similarly situated employees, all of whom were not paid at an overtime rate for all the hours they worked above forty (40) hours per week. Plaintiff seeks certification of his FLSA claims as a collective action on behalf of himself individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

8.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

**Personal Jurisdiction**

9.  This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

10. Venue is proper in the Southern District of New York under 8 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

### THE PARTIES

#### Plaintiff

**ROBERTO CRUZ SANTIS**

11. Plaintiff Roberto Cruz Santis ("Santis") is an adult individual residing in the state of New York, County of Queens.

12. Santis is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

13. Sanits was employed at PIZZA & PITA 34 TH, INC. d/b/a PIZZA & PITA, owned and managed by Defendants, located at 344 East 34th Street, New York, NY 10016.

14. Santis was hired by Defendant Mohammad in October 2016 to help prepare pizza and other food, serve customers, package food for delivery, and to deliver food for Defendants' restaurant and customers.

15. Santis worked for Defendants until February 15th, 2017.

16. For the months of October 2016 through February 15, 2017, Santis consistently

worked around fifty-four (54) hours per week. Specifically, he worked six days per week from 8:00 a.m. to 5:00 p.m. Saturday was his day off. He was allowed to take a 15-minute lunch break each day.

17. Plaintiff was paid at a rate of $13.00 per hour for all his hours worked.

18. Plaintiff received all his money weekly in cash from Defendant Mohammad.

19. Plaintiff was never paid at an overtime rate of one and one-half times his regular rate of pay for all the hours he worked above 40 hours per week.

20. Throughout the duration of Plaintiff's employment with Defendants, there was no system in place by which employees could track hours worked, or "clock in" and "clock out." Additionally, no records of pay were kept by Defendants.

21. Throughout his employment with Defendants, Plaintiff was handling food and drinks made from ingredients that were produced outside the State of New York and imported in New York through interstate commerce.

22. Throughout the duration of Plaintiff's employment with Defendants, employees, including Plaintiff, did not receive adequate meal break periods throughout the work day.

23. Plaintiff was never provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

24. Plaintiff was never provided with wage statements detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

25. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the wage rights of employees under the FLSA and NYLL and failed

to inform Plaintiff of such rights.

26. Throughout the duration of his employment, Plaintiff did not have any supervisory authority over any of Defendants' employees, nor did he exercise discretion or independent judgment with respect to matters of significance.

27. Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

28. From observations in the workplace and discussions with other co-workers, Plaintiff is aware of other individuals who did not receive overtime pay for all their hours worked above 40 hours per week.

**Defendants**

29. At all relevant times, Individual and Corporate Defendants were joint employers of Plaintiff, acted in the interest of each other with respect to the restaurant's employees, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2. Factors indicating joint employment include:

   a. Defendants all suffered or permitted Plaintiff to work.
   b. Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.
   c. Defendants each have an economic interest in Corporate Defendant in which Plaintiff and similarly situated employees worked.
   d. Defendants all simultaneously benefitted from Plaintiff's work.
   e. Defendants each had functional and/or formal control over the terms and conditions of work of Plaintiff and similarly situated employees.
   f. Plaintiff and similarly situated employees performed work integral to Corporate Defendant's operation.

30. In the alternative, Defendants functioned together as a single integrated employer of Plaintiff within the meaning of the FLSA and NYLL.

**(Corporate Defendant)**

**PIZZA & PITA 34TH, INC. d/b/a  PIZZA & PITA**

31. PIZZA & PITA 34TH, INC. ("Pizza & Pita") is a domestic corporation formed on January 3rd, 2007, organized and existing under the laws of the State of New York.

32. Upon information and belief, Corporate Defendant is owned by Defendant Mazrovea and operated daily by Defendant Mohammad. Its principal place of business is located at 344 East 34th Street, New York, NY 10016.

33. Pizza & Pita is open seven days per week for ten to fourteen hours per day. It employs numerous full-time employees and also performs food deliveries throughout New York City. It serves approximately 200-400 customers per day.

34. At all relevant times, Pizza & Pita was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

35. At all relevant times, Pizza & Pita maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to him.

36. At all relevant times, Pizza & Pita was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling food and drinks imported from out of state, and distributed in New York. In addition, Pizza & Pita conducted business with vendors and other businesses outside the state of New York and engaged in credit card transactions involving banks and other institutions outside the state of New York.

37. Upon information and belief, at all relevant times, Pizza & Pita's annual gross volume of sales made, or business done, was no less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**(Individual Defendants)**

**MAGDY MAZROVEA**

38. Upon information and belief, at all relevant times, Magdy Mazrovea ("Mazrovea") was an owner, principal, authorized operator, manager, shareholder and/or agent of the Corporate Defendant.

39. At all relevant times throughout Plaintiff's employment, Mazrovea had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; setting Plaintiff's schedule; negotiating Plaintiff's rate of pay; instructing, supervising and training Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

40. At all relevant times throughout Plaintiff's employment, Mazrovea was involved in the day-to-day operations of the Corporate Defendant.

41. At all relevant times throughout Plaintiff's employment, Mazrovea was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**SYED MOHAMMAD**

42. Upon information and belief, at all relevant times, Syed Mohammad ("Mohammad") was an authorized operator, manager, and/or agent of Corporate Defendant.

43. At all relevant times throughout Plaintiff's employment, Mohammad had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; setting employees' schedule; instructing, training and supervising employees; and otherwise controlling the terms and conditions for Corporate Defendant's employees.

44. Upon information and belief, Defendant Mazrovea consulted with Mohammad before Defendant Mohammad formally hired Plaintiff.

45. At all relevant times throughout Plaintiff's employment, Mohammad was actively involved in the day-to-day operations of the Corporate Defendant, and was in charge of its finances.

46. At all relevant times throughout Plaintiff's employment, Mohammad was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

47. Pursuant to 29 U.S.C. §§ 203, 207, and 216(b), Plaintiff brings his First Cause of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since March 27, 2017 and
> through the entry of judgment in this case (the "Collective Action Period")
> who worked as non-exempt employees (the "Collective Action Members").

48. A collective action is appropriate in these circumstances because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay overtime premiums for work performed in excess of forty (40) hours each week.

49. The overtime claims of the Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

50. Plaintiff, on behalf of himself and the Collective Action Members, realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

51. At all relevant times, Plaintiff and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. §§ 203(d), (e)(1), and (g).

52. At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

53. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

54. Defendants have failed to pay Plaintiff and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were

employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

55. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

56. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

57. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

58. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

59. As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## SECOND CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime Wages

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

62. At all relevant times referenced herein, Plaintiff had been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

63. The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

64. Defendants have failed to pay Plaintiff at an overtime rate which he was entitled to at a wage rate of one and one-half times his regular rate of pay but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.4.

65. Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

66. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

67. Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-2.4, further evincing Defendants' lack of good faith.

68. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## THIRD CAUSE OF ACTION

**New York Labor Law– Failure to Provide Notice at the Time of Hiring**

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants have failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

71. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-b).

## FOURTH CAUSE OF ACTION

**New York Labor Law– Failure to Provide Wage Statements**

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants have failed to provide Plaintiff with wage statements listing his rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

74. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the

violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

B. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations;

C. Unpaid overtime wages under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

D. Unpaid overtime wages under the NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL § 198(1-a) and § 663(1);

E. Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

F. An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring or at any point thereafter pursuant to NYLL § 198 (1-b);

G. An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements pursuant to NYLL § 198 (1-d);

H.     A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

I.     If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

J.     An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

K.     An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

L.     An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

M.     Such other relief as this Court shall deem just and proper.

Dated: Astoria, New York
       March 27, 2017

Respectfully submitted,
**PARDALIS & NOHAVICKA, LLP**

By:     /s/Ariadne Panagopoulou
Ariadne Panagopoulou (AP-2202)
*Attorneys for the Plaintiff*
35-10 Broadway, Suite 201
Astoria, New York 11106
Tel: 718.777.0400 | Fax: 718.777.0599
Email: ari@pnlawyers.com