

May 18, 2017

**VIA ECF**
-------------------------------------------
Honorable Judge Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square,
New York, NY 10007

      Re: *Cruz Santis et al v. Pizza & Pita 34th, Inc. et al*
        Civil Action No.: 1:17-cv-02212-PGG

Dear Honorable Paul G. Gardephe:

  This office represents Plaintiff, Roberto Cruz Santis, in the above-referenced matter. We write jointly with Counsel for Defendants, Abraham Hamra, Esq. to advise the Court that the parties have reached a settlement in the matter. Accordingly, the parties seek Your Honor's approval of the terms of the Settlement Agreement, annexed hereto as **Exhibit A.**

  The Parties have concluded that the Agreement is fair, reasonable, and in the Parties' mutual best interests. For these reasons and for the reasons set forth below, the Parties respectfully request that the Court enter an Order approving the settlement as fair and reasonable. In addition, pursuant to the terms of the settlement agreement, the parties will only submit a notice of voluntary dismissal with prejudice once all settlement checks clear Plaintiff's Counsel's escrow account. *See* para 7(C) of Exhibit A. For this reason, we respectfully request that Your Honor maintain jurisdiction over this action until all payments have been made to Plaintiff's Counsel and until the parties file a Notice of Voluntary Dismissal for a dismissal with prejudice.

**Plaintiff's allegations and Procedural History**

  Plaintiff filed this action on March 27, 2017 alleging violations of overtime wage under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff additionally brought claims for failure to provide wage statements and wage notices under the Wage Theft Prevention Act.

  Specifically, Plaintiff alleged that he was employed at the Defendants' restaurant located at 344 East 34th Street, New York, NY 10016 from October 2016 to February 15, 2017. Plaintiff was hired to prepare pizza and other foods, serve customers, package the food for delivery, and to deliver food for the Defendants' restaurant and customers.

During his period of employment with the Defendants, Plaintiff worked approximately fifty-four (54) hours per week. He was compensated at a flat rate of $13.00 per hour for all hours worked and did not receive additional compensation for his overtime hours worked. Finally, Plaintiff was never provided with wage notices or wage statements as required by NYLL § 195(1) and NYLL § 195(3) respectively.

Defendants have not filed their answer or otherwise moved in the matter, however, strongly deny the claims of the Plaintiff. Specifically, Defendants dispute the employment period of Plaintiff and have produced documents showing that Plaintiff worked for a shorter period of time than that alleged in the Complaint. Defendants further dispute that Plaintiff worked longer than 40 hours in any given week and therefore claim that Plaintiff was not entitled to overtime pay.

Taking the risks of litigation in mind and after an arms-length negotiations between experienced counsel, the parties have reached a settlement for Ten Thousand Dollars ($10,000.00) which shall be paid by the Defendants in lump sum. *See* **Exhibit A**.

**Damage calculations prepared on behalf of Plaintiff**

Plaintiff's Counsel has prepared detailed wage and hour damage computations documenting the back wages owed to Plaintiff resulting from Defendants' alleged failure to pay him proper overtime wages. Plaintiff's calculations also include liquidated damages pursuant to NYLL § 663(1), penalties pursuant to NYLL §195 for Defendants' alleged failure to abide by notice and record-keeping requirements, and prejudgment interest of 9% as per NY CPLR § 5004.[1] Plaintiff's damage calculations are annexed hereto as **Exhibit B.** According to these damage calculations, Plaintiff's best case recovery is $13,918.00; $1,911.00 is attributable to alleged back wages alone. Plaintiff is also owed an amount of $10,000.00 as a result of the Defendants' violations of NYLL §195.

**The Settlement Amount**

The parties have agreed to settle this action for the total gross sum of Ten Thousand Dollars ($10,000.00), inclusive of attorneys' fees and costs, payable in lump sum. Considering that Plaintiff's best case recovery in this action is less than $14,000, Plaintiff's Counsel thinks this settlement amount is an excellent result for the Plaintiff.

According to the terms of the settlement agreement, the whole settlement payment will be reported on a valid IRS Form 1099 and Plaintiff will be responsible for reporting the amount received by him to the relevant tax authorities.

---

[1] It should be noted that pursuant to *Muhammed Chowdhury v. Hamza Express Food Corp.*, 2016 U.S. App. LEXIS 21870 (2d Cir. Dec. 7, 2016), cumulative liquidated damages pursuant to both the FLSA and NYLL is now barred following changes to the NYLL effective in April 2011.

This payment arrangement - i.e. where the entire amount recovered by a Plaintiff is not subject to tax withholdings by the employer - has been approved by a number of District Judges in the Southern District of New York including the Honorable Gregory Woods, *Mitchell et al v. Unique Eyewear, Inc. et al*, 16-cv-2661 (S.D.N.Y. Oct. 2016), the Honorable Analisa Torres, *Suk Pak v. Yae Poo Da Inc. d/b/a Cove Nails et al*, 15-cv-8229 (S.D.N.Y. Oct. 2015), the Honorable *Edgardo Ramos, Rivera et al v. Gary Plastic Packaging Corp. et al*, 15-cv-1715 (S.D.N.Y. Mar. 2015), the Honorable Katherine B. Forrest, *Mahbub et al v. A Voce Columbus LLC et al*, 15-cv-1990 (S.D.N.Y. Mar. 2015) and the Honorable John G. Koeltl, *Peralta Candia et al v. Hop Enterprises Inc. et al*, 15-cv-5122 (S.D.N.Y. June 2015).

This arrangement is also in terms with the FLSA's legislative intent whereby "all employees, regardless of their immigration status, are protected." *Flores v. Amigon,* 233 F.Supp.2d 462, 463 (E.D.N.Y.2002). As such, a Plaintiff would not have to reveal his social security number or taxpayer identification number in order to receive a settlement amount; information that may produce an *in terrorem* effect to FLSA litigants.

**The Proposed Settlement Amount Is Fair and Reasonable**

The Court should approve the Settlement so long as it "reflects a 'reasonable compromise of disputed issues [rather] than mere waiver of statutory rights brought about by an employer's overreaching." *Le v. Sita Information Networking Computing USA, Inc.,* No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008); *see also Kopera v. Home Depot U.S.A., Inc.,* No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

According to *Beckert v. Rubinov*, No. 15 CIV. 1951 PAE, 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015), "in determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."

Throughout the litigation, there were significant legal and factual disputes that made the continuation of this litigation risky. In particular, the employment period and hours worked by the Plaintiff are heavily disputed. If Defendants were successful in establishing their claims, Plaintiff's recovery would be negligible. In any case, considering the Plaintiff's relatively short employment period with Defendants, Plaintiff's damages are not substantial. Hence, a settlement is advantageous to both parties at this time. On the other hand, moving forward toward trial would entail uncertainty and significant risks.

Considering the above factors, Plaintiff's counsel believes that this settlement is an excellent result for the Plaintiff, and, as such, it should be approved as a fair settlement. *See, Meigel v. Flowers of the World NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan 9,

2012) ("Typically, courts regard the adversarial nature of a FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve settlement.").

It should be noted that the settlement agreement has been the result of arm's length negotiations between experienced employment attorneys. There is nothing to indicate that Plaintiff's or Defendants' Counsel were motivated by anything other than their clients' best interests when litigating this case.

**Other settlement terms**

The terms of the Settlement Agreement are in accordance with the decision of *Cheeks v. Freeport Pancake House, Inc*., No. 14-299 (2d Cir. 2015). The settlement allows for the settlement agreement to be publically filed for the purpose of judicial review for fairness. The settlement agreement does not contain any confidentiality or non-disparagement provisions allowing Plaintiff to make statements relating to his recovery amount, Defendants' pay practices as well as, his experience litigating this action in accordance with *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 (S.D.N.Y. 2015).

In addition, the Settlement Agreement provides for a mutual general release. The mutual general release clause, according to which Plaintiffs and Defendants are reciprocally released from claims against each other, is fair and reasonable since it is drafted to mutually benefit both parties. *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *5 n.8 (S.D.N.Y. Nov. 6, 2015) ("A mutual release will also ensure that an employer is not simply leveraging 'a release from liability unconnected to the FLSA,' but that any claim that the employer might have against the plaintiff (such as theft or destruction of property, in the case of a restaurant worker) would also be released.")

**The Attorney's Fees Are Fair and Reasonable**

Pursuant to the settlement agreement, Plaintiff's counsel will receive one-third of the settlement amount as attorneys' fees plus costs. The costs and fees requested are in accordance with the Plaintiff's engagement agreement with counsel, which provides that counsel would receive a third of the settlement amount in this action as reasonable attorney's fees and would be reimbursed for costs. *See* **Exhibit C**.

Such contingent fee arrangements are very common in wage and hour cases. "The trend in this Circuit is to use the percentage of the fund method to compensate attorneys in common fund cases." *McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2nd Cir. 2010); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 121 (2d Cir. 2005). Contingent fee agreements in wage and hour cases favor public policy and are "meant to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, 2010 WL 69359 at *3 (S.D.N.Y. 2010).

Furthermore, there is ample authority in this circuit holding that a 33% attorneys' fee is well within the range of fees typically awarded in wage and hour cases. *See Castaneda v. My*

*Belly's Playlist LLC*. No. 15 Civ. 1324 (JCF)(S.D.N.Y. Aug. 2015) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126 NGG VMS, 2014 WL 6621081, at *9 (E.D.N.Y. Nov. 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Clark v. Ecolab, Inc.,* No. 07 Civ. 8623 (PAC), 2010 WL 1948198, at *8-9 (S.D.N.Y. May 11, 2010) (awarding 33% of $6 million settlement fund in FLSA and multi-state wage and hour case); *McMahon v. Olivier Cheng Catering & Events, LLC,* No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *7 (S.D.N.Y. Mar. 3, 2010) (awarding 33% of the $400,000 settlement fund); *deMunecas v. Bold Food, LLC,* 2010 WL 3322580, at *4 (S.D.N.Y. Aug. 23, 2010) (awarding 33% of an $800,000 fund in an FLSA case); *Beckman v. KeyBANK, NA*, 293 F.R.D. 467, 481 (S.D.N.Y.2013) (awarding 33% of a $4.9 million settlement fund which amounted to $1.6 million in an FLSA class action).

Compared to the above case law, a 33% fee from a $10,000 common fund is a reasonable and modest sum considering all the risks in the litigation.

**The Lodestar "Cross-check" further supports Plaintiff's Counsel's requested award**

When applying the lodestar method as a "cross check" - as per *Goldberger v. Integrated Resources, Inc.*, 209 F. 3d 43 (2d Cir. 2000) - it can be seen that Plaintiff's Counsel's hourly rate under this method in fact exceeds the amount under their contingent fee arrangement. All the work in this case was closely supervised by Joseph Nohavicka, a partner with over 20 years of experience in employment litigation. Plaintiff's Counsel's hourly billing rate is $450; this amount is in line with rates awarded to similarly experienced wage and hour attorneys practicing in this district. See *Guallpa v. N.Y. Pro Signs Inc., No*. 11 CIV. 3133 LGS FM, 2014 WL 2200393 (S.D.N.Y. May 27, 2014)(awarding $350- $600 per hour for experienced FLSA attorneys in default action); *Viafara v. MCIZ Corp.*, No. 12 CIV. 7452 RLE, 2014 WL 1777438 (S.D.N.Y. May 1, 2014)(finding reasonable hourly rate of $550 for senior partner in wage and hour action). In addition, this exact hourly rate for Plaintiff's Counsel has been recently approved by the Honorable Judge Gregory H. Woods in the case of *Mitchell et al v. Unique Eyewear, Inc. et al*, 16-cv-2661 (S.D.N.Y. Oct. 2016). Plaintiff's counsel's time litigating this action exceeds 35 hours, making the total amount of attorneys' fees equal to $15,750. A detailed documentation of Plaintiff's Counsel's time records based on the lodestar method is annexed hereto as **Exhibit D**.

As such, Plaintiff's counsel believes that the contingency fee in this case is fair and reasonable, particularly because it is a lesser amount than the lodestar.

We thank the Court for its time and consideration in this matter.

Respectfully submitted,
**PARDALIS & NOHAVICKA, LLP**           **SIROTKIN VARACALLI**
                                         **& HAMRA, LLP**


 /s/Ariadne Panagopoulou                 /s/ Abraham Hamra
Ariadne Panagopoulou, Esq.               Abraham Hamra, Esq.
*Counsel for Plaintiff*                  *Counsel for Defendants*