UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Roberto Cruz Santis, *on behalf of himself and others similarly situated*,<br><br>        *Plaintiff*,<br><br>-v-<br><br>Pizza & Pita 34th, Inc. d/b/a Pizza & Pita, Magdy Mazrovea, Syed Mohammad , *jointly and severally*,<br><br>        *Defendants*. | Civ. Case No. 1:17-cv-02212-PGG |

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Roberto Cruz Santis, on behalf of himself and all of his heirs, executors, administrators, attorneys, and assigns (hereinafter, "Plaintiff"); and corporate Defendant Pizza & Pita 34th, Inc. d/b/a Pizza & Pita, on their own behalf, on behalf of their present and former directors, officers, partners, shareholders, members, employees, representatives, agents, attorneys, owners, and insurers, and on behalf of all of their parents (including but not limited to any grandparent entities, great grandparent entities, and so on), subsidiaries, affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys, and individual Defendants, Magdy Mazrovea and Syed Mohammad, on behalf of themselves and all of their heirs, successors, executors, administrators, attorneys, and assigns, (collectively "Defendants," and with Plaintiff, the "Parties"), hereby agree upon this Settlement Agreement and Release ("Agreement") as a resolution of all issues involved herein as follows:

      1.    **Preliminary Matters**. Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, Pardalis & Nohavicka LLP (hereinafter "Plaintiff's Counsel"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. Plaintiff has had the opportunity to consider his counsel's advice with respect to the foregoing Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms.

      2.    **No Admission of Liability**. The Parties recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the Complaint styled *Cruz Santis et al v. Pizza & Pita 34th, Inc. et al*, 1:17-cv-02212-PGG, filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit, or which otherwise involves Plaintiff's employment relationship with Defendants and the separation or termination of Plaintiff's employment relationship with Defendants.

1

3. **Dismissal of Pending Action.** For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action; (2) not to re-file the causes of action asserted in the Pending Action or any other employment-related causes of action against Defendants; and (3) not to institute any action against any Defendants in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or a full release of Plaintiff's claims as specified herein.

4. **Consideration.**

   A. Defendants agree to pay Plaintiff and his attorneys the sum of Ten Thousand and 00/100 Dollars ($10,000.00), pursuant to the terms set forth in Section 7 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below.

   B. The Parties acknowledge and agree that the Settlement Payment includes but is not limited to attorneys' fees, costs, penalties, interest, back wages, and liquidated damages.

5. **Release of Employment-related claims by Parties.**

**Plaintiff**

   A. In consideration of the promises, payments, and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date Plaintiff executes this Agreement, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all claims, charges, actions or causes of action which he had, now has or hereafter may have against Defendants, arising out of Plaintiff's employment with any of the Defendants, and/or the termination of that employment including: (i) claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders, including, but not limited to, claims under the New York Labor Law, the Wage Theft Prevention Act, New York Hospitality Industry Wage Order, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act, the Equal Pay Act, the Immigration Reform and Control Act, the Consolidated Omnibus Budget Reconciliation Act, the Fair Credit Reporting Act, the Sarbanes Oxley Act, the Occupational Safety and Health Act, the Family and Medical Leave Act, the New York Corrections Law, the New York State Human Rights Law, the New York City Human Rights Law, each as amended, or any other federal, state, and/or local law; (ii) claims for minimum wages, overtime wages, commissions, and/or unpaid wages, compensation, and/or other remuneration, whether based on common law or otherwise, which specifically includes all claims for unpaid overtime, improper deductions, travel time, spread-of-hours pay, bonuses, penalties,

2

expense reimbursements, gratuities, fees, tip credits, tip allowances, service charges, retained gratuities, call-in pay, tools-of-the-trade, and/or meal credits during Plaintiff's employment with any of the Defendants and/or other compensation, wages, or benefits including, but not limited to, life insurance, accidental death and disability insurance, sick leave, or other employer provided plan or program, distributions of income or profit, vacation or other leave time, retirement, pension, the use of information obtained by Defendants as a result of the offering of group health insurance coverage and/or any related penalties, damages, liquidated damages and attorneys' fees under federal, state and/or local law; and (iii) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising prior to or at the time of the execution of the Agreement, including, but not limited to, all claims asserted in the Pending Action. The Parties hereby specifically acknowledge that this Agreement, and the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act and/or the New York Labor Law.

B. This release does not affect or limit: (1) claims that may arise after the date Plaintiff signs this Agreement; (2) Plaintiff's rights to enforce the terms of this Agreement; (3) Plaintiff's rights to file any claim against the Released Parties that does not arise and is in no way connected to Plaintiff's employment with Defendants forming subject matter of the Pending Action; and (4) any other claims that, under controlling law, may not be released by private settlement. In addition, nothing in this Release waives or limits Plaintiff's right to file a charge with the Equal Employment Opportunity Commission or similar state agency, or with the National Labor Relations Board, or to provide information to or assist such agency in any proceeding, provided, however, that Plaintiff hereby agrees that by signing this Agreement, he relinquishes any right to receive any personal monetary relief or personal equitable relief with respect to any matter as to which he has released claims. As of the date of this Settlement Agreement, the Plaintiff does not have any charge or complaint against the Defendants pending with the Equal Employment Opportunity Commission or similar state agency, or with the National Labor Relations Board.

**Defendants**

Defendants release Plaintiff from any and all claims, charges, actions, and causes of action of any kind or nature that Defendants once had, could have had, or now have arising out of Plaintiff's employment with Defendants forming subject matter of the Pending Action, whether such claims are now known or unknown to Defendants, from the beginning of the world to the date of the Agreement.

6. **Plaintiff's Responsibility for Taxes**. Plaintiff assumes full responsibility for the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff and/or Plaintiff's Counsel pursuant to this Agreement. Although Plaintiff believes, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or

3

any other federal, state or local government, administrative agency or court determines that any Plaintiff and/or any Defendants are liable for any failure by Plaintiff to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiff agrees to hold Defendants harmless for any such liability.

7. **Payment**.

A. In consideration of the promises of Plaintiff set forth herein, Defendants shall issue the Settlement Payment set forth in Section 4 as a full and complete settlement and in final satisfaction of any and all claims pertaining to Plaintiff's employment with Defendants, forming subject matter of the Pending Action, that Plaintiff has or may have against Defendants, through the date Plaintiff executes this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be due and payable via a certified bank check for an amount of Ten Thousand and 00/100 Dollars ($10,000.00) to "Pardalis & Nohavicka, LLP *as attorneys for* Roberto Cruz Santis", delivered to Pardalis & Nohavicka, LLP at 3510 Broadway Suite 201, Astoria, New York 11106.

B. The Settlement amount will be distributed as follows: (a) Plaintiff will receive a total sum of Six Thousand Fifty Four and 67/100 Dollars ($6,054.67); and (b) Plaintiff's Counsel will receive a total sum of Three Thousand Nine Hundred Forty Five and 33/100 Dollars ($3,945.33) representing attorney's fees and costs.

C. Payment shall be due no later than seven (7) days after both the following conditions are met: (a) Plaintiff has executed this Agreement and delivered the same to Defendants' counsel; and (b) Plaintiff's Counsel has executed and delivered to counsel for Defendants a valid IRS Form W-9. Plaintiff's Counsel will hold the settlement payment in a client escrow account of that Firm until the United States District Court for the Southern District of New York enters an order dismissing the Lawsuit with prejudice. Once the settlement check clears the Plaintiff's Counsel's escrow account, Plaintiff shall file a Notice of Voluntary Dismissal with the Court.

D. No sum of money will be distributed from Plaintiff's Counsel's escrow account to Plaintiff or to Plaintiff's Counsel's operating account unless and until the Court fully and finally dismisses the Pending Action. In the event the Court does not dismiss this Pending Action, the settlement amount will be immediately returned to Defendants' Counsel.

E. The total amount of the Settlement Payment shall be made without any tax withholdings and shall be reflected on a valid IRS Form 1099 issued to Plaintiff's Counsel, subject to the Court's review and approval of this Agreement.

8. **Neutral Reference.** If contacted by future employers, the Defendants will provide verification to such prospective employers and other third parties of the dates of Plaintiff's employment relationship with the Defendants and his position(s) held.

9. **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Venue and jurisdiction for any dispute between the parties shall lie in the United States District Court for the Southern District of New York. However, if the District Court should refuse or decline to accept jurisdiction over the settlement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York. Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

10. **Liability in case of breach.** In the event that a Party believes that the other Party has failed to comply with any term of this Settlement Agreement, that Party shall provide written notice to counsel for the other Party detailing the claimed violation(s) or breach(es). Within thirty (30) days of receipt of that notice, the Parties will engage in good faith discussions to resolve the issue. Thereafter, if the Parties disagree on the matters set forth in the notice, they will settle the dispute by seeking appropriate legal and/or injunctive relief, and the prevailing party will be entitled to an award of its reasonable attorneys' fees and costs.

11. **Status of Settlement If Case Is Not Ultimately Dismissed.** In the event the Court does not dismiss the Pending Action as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

12. **Important Acknowledgments.** It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

13. **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all

agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

14. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

15. **No Waiver.** Failure by any party to enforce or seek to remedy any breach under this Agreement shall not be construed as a waiver of such rights nor shall a waiver by either party of default be construed as constituting a continuing waiver or as a waiver of any other breach.

16. **Execution In Counterpart and Facsimile Signatures.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

17. **Knowing and Voluntary Release of Claims.** Plaintiff acknowledges that:

   A. Plaintiff has carefully read this Settlement Agreement and he fully understands its meaning;

   B. Plaintiff has been advised that an individual waiving rights under the Age Discrimination in Employment Act ("ADEA") is entitled to a minimum of 21 days within which to consider this agreement and release, and therefore Plaintiff acknowledges that he has 21 days from the date of receiving this Settlement Agreement, which contains a release of ADEA claims, to return the signed Settlement Agreement and release. Plaintiff acknowledges that he may execute and return this Agreement and release earlier if he so decides, and that by executing and returning this agreement and release during the 21 day period, he will waive any right to consider the Agreement and release for the 21 day period. Plaintiff acknowledges that he has been further advised that he may consult with an attorney or other adviser of his choosing prior to making the decision to execute and return this Settlement Agreement.

   C. Defendants hereby advise Plaintiff in writing that Plaintiff should consult with an attorney before signing the Settlement Agreement, and Plaintiff acknowledges that he has in fact consulted with an attorney regarding this Agreement, or that he has waived this right.

   D. Plaintiff is signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and

   E. Everything Plaintiff is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Plaintiff to sign it.

6

18. **Revocation.** Plaintiff understands and agrees that he has a period of seven (7) days following the signing of this Agreement to revoke it. Plaintiff understands that in the event that any Plaintiff revokes this Agreement, the entire Agreement shall be null and void and of no force or effect on either party and therefore Defendants will be under no obligation to make the payments set forth in Sections 4 and 7. In order to revoke this Agreement, the Plaintiff wishing to do so must sign and send a written notice of the decision to do so, addressed to Defendants' Counsel and the written notice must be received by Defendants no later than the eighth day after Plaintiff signed this Agreement. Plaintiff further understands that this Settlement Agreement shall not be effective or enforceable until the day after the seven (7) day revocation period has expired and provided that Plaintiff has not exercised his right to revoke this Settlement Agreement.

19. **Severability.** Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by another competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

**[THIS REMAINDER OF THIS PAGE HAS BEEN LEFT BLANK INTENTIONALLY]**

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer, to execute this Agreement.

### PLAINTIFF:

_____
ROBERTO CRUZ SANTIS
Date: __MAY 15__, 2017

### DEFENDANTS:

**PIZZA & PITA 34TH, INC. d/b/a PIZZA & PITA**

By: __MAGDY MAZROUE__
_____, Authorized Officer
Date: __5/9/__, 2017

_____
MAGDY MAZROVEA
Date: __5/9/__, 2017

_____
SYED MOHAMMAD
Date: __5/9/17__, 2017

8