

## PARDALIS & NOHAVICKA, LLP
━━━━ ATTORNEYS ━━━━

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/17

**MEMO ENDORSE**

May 18, 2017

*The parties' settlement agreement is approved by the Court.*

**VIA ECF**
_____

Honorable Judge Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square,
New York, NY 10007

**SO ORDERED:**

*[signature]*

**Paul G. Gardephe, U.S.D.J.**

Dated: *June 16, 2017*

     Re:    *Cruz Santis et al v. Pizza & Pita 34th, Inc. et al*
             Civil Action No.: 1:17-cv-02212-PGG

Dear Honorable Paul G. Gardephe:

     This office represents Plaintiff, Roberto Cruz Santis, in the above-referenced matter. We write jointly with Counsel for Defendants, Abraham Hamra, Esq. to advise the Court that the parties have reached a settlement in the matter. Accordingly, the parties seek Your Honor's approval of the terms of the Settlement Agreement, annexed hereto as **Exhibit A.**

     The Parties have concluded that the Agreement is fair, reasonable, and in the Parties' mutual best interests. For these reasons and for the reasons set forth below, the Parties respectfully request that the Court enter an Order approving the settlement as fair and reasonable. In addition, pursuant to the terms of the settlement agreement, the parties will only submit a notice of voluntary dismissal with prejudice once all settlement checks clear Plaintiff's Counsel's escrow account. *See* para 7(C) of Exhibit A. For this reason, we respectfully request that Your Honor maintain jurisdiction over this action until all payments have been made to Plaintiff's Counsel and until the parties file a Notice of Voluntary Dismissal for a dismissal with prejudice.

**Plaintiff's allegations and Procedural History**

     Plaintiff filed this action on March 27, 2017 alleging violations of overtime wage under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff additionally brought claims for failure to provide wage statements and wage notices under the Wage Theft Prevention Act.

     Specifically, Plaintiff alleged that he was employed at the Defendants' restaurant located at 344 East 34th Street, New York, NY 10016 from October 2016 to February 15, 2017. Plaintiff was hired to prepare pizza and other foods, serve customers, package the food for delivery, and to deliver food for the Defendants' restaurant and customers.

---

During his period of employment with the Defendants, Plaintiff worked approximately fifty-four (54) hours per week. He was compensated at a flat rate of $13.00 per hour for all hours worked and did not receive additional compensation for his overtime hours worked. Finally, Plaintiff was never provided with wage notices or wage statements as required by NYLL § 195(1) and NYLL § 195(3) respectively.

Defendants have not filed their answer or otherwise moved in the matter, however, strongly deny the claims of the Plaintiff. Specifically, Defendants dispute the employment period of Plaintiff and have produced documents showing that Plaintiff worked for a shorter period of time than that alleged in the Complaint. Defendants further dispute that Plaintiff worked longer than 40 hours in any given week and therefore claim that Plaintiff was not entitled to overtime pay.

Taking the risks of litigation in mind and after an arms-length negotiations between experienced counsel, the parties have reached a settlement for Ten Thousand Dollars ($10,000.00) which shall be paid by the Defendants in lump sum. *See* **Exhibit A**.

**Damage calculations prepared on behalf of Plaintiff**

Plaintiff's Counsel has prepared detailed wage and hour damage computations documenting the back wages owed to Plaintiff resulting from Defendants' alleged failure to pay him proper overtime wages. Plaintiff's calculations also include liquidated damages pursuant to NYLL § 663(1), penalties pursuant to NYLL §195 for Defendants' alleged failure to abide by notice and record-keeping requirements, and prejudgment interest of 9% as per NY CPLR § 5004.[1] Plaintiff's damage calculations are annexed hereto as **Exhibit B.** According to these damage calculations, Plaintiff's best case recovery is $13,918.00; $1,911.00 is attributable to alleged back wages alone. Plaintiff is also owed an amount of $10,000.00 as a result of the Defendants' violations of NYLL §195.

**The Settlement Amount**

The parties have agreed to settle this action for the total gross sum of Ten Thousand Dollars ($10,000.00), inclusive of attorneys' fees and costs, payable in lump sum. Considering that Plaintiff's best case recovery in this action is less than $14,000, Plaintiff's Counsel thinks this settlement amount is an excellent result for the Plaintiff.

According to the terms of the settlement agreement, the whole settlement payment will be reported on a valid IRS Form 1099 and Plaintiff will be responsible for reporting the amount received by him to the relevant tax authorities.

---

[1] It should be noted that pursuant to *Muhammed Chowdhury v. Hamza Express Food Corp.*, 2016 U.S. App. LEXIS 21870 (2d Cir. Dec. 7, 2016), cumulative liquidated damages pursuant to both the FLSA and NYLL is now barred following changes to the NYLL effective in April 2011.

This payment arrangement - i.e. where the entire amount recovered by a Plaintiff is not subject to tax withholdings by the employer - has been approved by a number of District Judges in the Southern District of New York including the Honorable Gregory Woods, *Mitchell et al v. Unique Eyewear, Inc. et al*, 16-cv-2661 (S.D.N.Y. Oct. 2016), the Honorable Analisa Torres, *Suk Pak v. Yae Poo Da Inc. d/b/a Cove Nails et al*, 15-cv-8229 (S.D.N.Y. Oct. 2015), the Honorable *Edgardo Ramos, Rivera et al v. Gary Plastic Packaging Corp. et al*, 15-cv-1715 (S.D.N.Y. Mar. 2015), the Honorable Katherine B. Forrest, *Mahbub et al v. A Voce Columbus LLC et al*, 15-cv-1990 (S.D.N.Y. Mar. 2015) and the Honorable John G. Koeltl, *Peralta Candia et al v. Hop Enterprises Inc. et al*, 15-cv-5122 (S.D.N.Y. June 2015).

This arrangement is also in terms with the FLSA's legislative intent whereby "all employees, regardless of their immigration status, are protected." *Flores v. Amigon*, 233 F.Supp.2d 462, 463 (E.D.N.Y.2002). As such, a Plaintiff would not have to reveal his social security number or taxpayer identification number in order to receive a settlement amount; information that may produce an *in terrorem* effect to FLSA litigants.

**The Proposed Settlement Amount Is Fair and Reasonable**

The Court should approve the Settlement so long as it "reflects a 'reasonable compromise of disputed issues [rather] than mere waiver of statutory rights brought about by an employer's overreaching." *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

According to *Beckert v. Rubinov*, No. 15 CIV. 1951 PAE, 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015), "in determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."

Throughout the litigation, there were significant legal and factual disputes that made the continuation of this litigation risky. In particular, the employment period and hours worked by the Plaintiff are heavily disputed. If Defendants were successful in establishing their claims, Plaintiff's recovery would be negligible. In any case, considering the Plaintiff's relatively short employment period with Defendants, Plaintiff's damages are not substantial. Hence, a settlement is advantageous to both parties at this time. On the other hand, moving forward toward trial would entail uncertainty and significant risks.

Considering the above factors, Plaintiff's counsel believes that this settlement is an excellent result for the Plaintiff, and, as such, it should be approved as a fair settlement. *See, Meigel v. Flowers of the World NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan 9,

2012) ("Typically, courts regard the adversarial nature of a FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve settlement.").

It should be noted that the settlement agreement has been the result of arm's length negotiations between experienced employment attorneys. There is nothing to indicate that Plaintiff's or Defendants' Counsel were motivated by anything other than their clients' best interests when litigating this case.

**Other settlement terms**

The terms of the Settlement Agreement are in accordance with the decision of *Cheeks v. Freeport Pancake House, Inc.*, No. 14-299 (2d Cir. 2015). The settlement allows for the settlement agreement to be publically filed for the purpose of judicial review for fairness. The settlement agreement does not contain any confidentiality or non-disparagement provisions allowing Plaintiff to make statements relating to his recovery amount, Defendants' pay practices as well as, his experience litigating this action in accordance with *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 (S.D.N.Y. 2015).

In addition, the Settlement Agreement provides for a mutual general release. The mutual general release clause, according to which Plaintiffs and Defendants are reciprocally released from claims against each other, is fair and reasonable since it is drafted to mutually benefit both parties. *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *5 n.8 (S.D.N.Y. Nov. 6, 2015) ("A mutual release will also ensure that an employer is not simply leveraging 'a release from liability unconnected to the FLSA,' but that any claim that the employer might have against the plaintiff (such as theft or destruction of property, in the case of a restaurant worker) would also be released.")

**The Attorney's Fees Are Fair and Reasonable**

Pursuant to the settlement agreement, Plaintiff's counsel will receive one-third of the settlement amount as attorneys' fees plus costs. The costs and fees requested are in accordance with the Plaintiff's engagement agreement with counsel, which provides that counsel would receive a third of the settlement amount in this action as reasonable attorney's fees and would be reimbursed for costs. *See* **Exhibit C**.

Such contingent fee arrangements are very common in wage and hour cases. "The trend in this Circuit is to use the percentage of the fund method to compensate attorneys in common fund cases." *McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2nd Cir. 2010); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). Contingent fee agreements in wage and hour cases favor public policy and are "meant to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, 2010 WL 69359 at *3 (S.D.N.Y. 2010).

Furthermore, there is ample authority in this circuit holding that a 33% attorneys' fee is well within the range of fees typically awarded in wage and hour cases. *See Castaneda v. My*

*Belly's Playlist LLC.* No. 15 Civ. 1324 (JCF)(S.D.N.Y. Aug. 2015) (awarding the Plaintiff's attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* No. 13-CV-6126 NGG VMS, 2014 WL 6621081, at *9 (E.D.N.Y. Nov. 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Clark v. Ecolab, Inc.,* No. 07 Civ. 8623 (PAC), 2010 WL 1948198, at *8-9 (S.D.N.Y. May 11, 2010) (awarding 33% of $6 million settlement fund in FLSA and multi-state wage and hour case); *McMahon v. Olivier Cheng Catering & Events, LLC,* No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *7 (S.D.N.Y. Mar. 3, 2010) (awarding 33% of the $400,000 settlement fund); *deMunecas v. Bold Food, LLC,* 2010 WL 3322580, at *4 (S.D.N.Y. Aug. 23, 2010) (awarding 33% of an $800,000 fund in an FLSA case); *Beckman v. KeyBANK, NA,* 293 F.R.D. 467, 481 (S.D.N.Y.2013) (awarding 33% of a $4.9 million settlement fund which amounted to $1.6 million in an FLSA class action).

Compared to the above case law, a 33% fee from a $10,000 common fund is a reasonable and modest sum considering all the risks in the litigation.

**The Lodestar "Cross-check" further supports Plaintiff's Counsel's requested award**

When applying the lodestar method as a "cross check" - as per *Goldberger v. Integrated Resources, Inc.,* 209 F. 3d 43 (2d Cir. 2000) - it can be seen that Plaintiff's Counsel's hourly rate under this method in fact exceeds the amount under their contingent fee arrangement. All the work in this case was closely supervised by Joseph Nohavicka, a partner with over 20 years of experience in employment litigation. Plaintiff's Counsel's hourly billing rate is $450; this amount is in line with rates awarded to similarly experienced wage and hour attorneys practicing in this district. See *Guallpa v. N.Y. Pro Signs Inc., No.* 11 CIV. 3133 LGS FM, 2014 WL 2200393 (S.D.N.Y. May 27, 2014)(awarding $350- $600 per hour for experienced FLSA attorneys in default action); *Viafara v. MCIZ Corp.,* No. 12 CIV. 7452 RLE, 2014 WL 1777438 (S.D.N.Y. May 1, 2014)(finding reasonable hourly rate of $550 for senior partner in wage and hour action). In addition, this exact hourly rate for Plaintiff's Counsel has been recently approved by the Honorable Judge Gregory H. Woods in the case of *Mitchell et al v. Unique Eyewear, Inc. et al,* 16-cv-2661 (S.D.N.Y. Oct. 2016). Plaintiff's counsel's time litigating this action exceeds 35 hours, making the total amount of attorneys' fees equal to $15,750. A detailed documentation of Plaintiff's Counsel's time records based on the lodestar method is annexed hereto as **Exhibit D**.

As such, Plaintiff's counsel believes that the contingency fee in this case is fair and reasonable, particularly because it is a lesser amount than the lodestar.

We thank the Court for its time and consideration in this matter.

Respectfully submitted,
**PARDALIS & NOHAVICKA, LLP**                    **SIROTKIN VARACALLI**
                                                 **& HAMRA, LLP**

_/s/Ariadne Panagopoulou_                         _/s/ Abraham Hamra_
Ariadne Panagopoulou, Esq.                        Abraham Hamra, Esq.
*Counsel for Plaintiff*                           *Counsel for Defendants*

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Roberto Cruz Santis, *on behalf of himself and others similarly situated*,

Plaintiff,

-v-

Pizza & Pita 34th, Inc. d/b/a Pizza & Pita, Magdy Mazrovea, Syed Mohammad , *jointly and severally*,

Defendants.

Civ. Case No. 1:17-cv-02212-PGG

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Roberto Cruz Santis, on behalf of himself and all of his heirs, executors, administrators, attorneys, and assigns (hereinafter, "Plaintiff"); and corporate Defendant Pizza & Pita 34th, Inc. d/b/a Pizza & Pita, on their own behalf, on behalf of their present and former directors, officers, partners, shareholders, members, employees, representatives, agents, attorneys, owners, and insurers, and on behalf of all of their parents (including but not limited to any grandparent entities, great grandparent entities, and so on), subsidiaries, affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys, and individual Defendants, Magdy Mazrovea and Syed Mohammad, on behalf of themselves and all of their heirs, successors, executors, administrators, attorneys, and assigns, (collectively "Defendants," and with Plaintiff, the "Parties"), hereby agree upon this Settlement Agreement and Release ("Agreement") as a resolution of all issues involved herein as follows:

1.      **Preliminary Matters.** Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, Pardalis & Nohavicka LLP (hereinafter "Plaintiff's Counsel"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. Plaintiff has had the opportunity to consider his counsel's advice with respect to the foregoing Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms.

2.      **No Admission of Liability.** The Parties recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the Complaint styled *Cruz Santis et al v. Pizza & Pita 34th, Inc. et al*, 1:17-cv-02212-PGG, filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit, or which otherwise involves Plaintiff's employment relationship with Defendants and the separation or termination of Plaintiff's employment relationship with Defendants.

1

3.      **Dismissal of Pending Action.** For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action; (2) not to re-file the causes of action asserted in the Pending Action or any other employment-related causes of action against Defendants; and (3) not to institute any action against any Defendants in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or a full release of Plaintiff's claims as specified herein.

4.      **Consideration.**

A.      Defendants agree to pay Plaintiff and his attorneys the sum of Ten Thousand and 00/100 Dollars ($10,000.00), pursuant to the terms set forth in Section 7 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below.

B.      The Parties acknowledge and agree that the Settlement Payment includes but is not limited to attorneys' fees, costs, penalties, interest, back wages, and liquidated damages.

5.      **Release of Employment-related claims by Parties.**

**Plaintiff**

A.      In consideration of the promises, payments, and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date Plaintiff executes this Agreement, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all claims, charges, actions or causes of action which he had, now has or hereafter may have against Defendants, arising out of Plaintiff's employment with any of the Defendants, and/or the termination of that employment including: (i) claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders, including, but not limited to, claims under the New York Labor Law, the Wage Theft Prevention Act, New York Hospitality Industry Wage Order, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act, the Equal Pay Act, the Immigration Reform and Control Act, the Consolidated Omnibus Budget Reconciliation Act, the Fair Credit Reporting Act, the Sarbanes Oxley Act, the Occupational Safety and Health Act, the Family and Medical Leave Act, the New York Corrections Law, the New York State Human Rights Law, the New York City Human Rights Law, each as amended, or any other federal, state, and/or local law; (ii) claims for minimum wages, overtime wages, commissions, and/or unpaid wages, compensation, and/or other remuneration, whether based on common law or otherwise, which specifically includes all claims for unpaid overtime, improper deductions, travel time, spread-of-hours pay, bonuses, penalties,

2

expense reimbursements, gratuities, fees, tip credits, tip allowances, service charges, retained gratuities, call-in pay, tools-of-the-trade, and/or meal credits during Plaintiff's employment with any of the Defendants and/or other compensation, wages, or benefits including, but not limited to, life insurance, accidental death and disability insurance, sick leave, or other employer provided plan or program, distributions of income or profit, vacation or other leave time, retirement, pension, the use of information obtained by Defendants as a result of the offering of group health insurance coverage and/or any related penalties, damages, liquidated damages and attorneys' fees under federal, state and/or local law; and (iii) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising prior to or at the time of the execution of the Agreement, including, but not limited to, all claims asserted in the Pending Action. The Parties hereby specifically acknowledge that this Agreement, and the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of a bona fide dispute over provisions of the Fair Labor Standards Act and/or the New York Labor Law.

B.      This release does not affect or limit: (1) claims that may arise after the date Plaintiff signs this Agreement; (2) Plaintiff's rights to enforce the terms of this Agreement; (3) Plaintiff's rights to file any claim against the Released Parties that does not arise and is in no way connected to Plaintiff's employment with Defendants forming subject matter of the Pending Action; and (4) any other claims that, under controlling law, may not be released by private settlement. In addition, nothing in this Release waives or limits Plaintiff's right to file a charge with the Equal Employment Opportunity Commission or similar state agency, or with the National Labor Relations Board, or to provide information to or assist such agency in any proceeding, provided, however, that Plaintiff hereby agrees that by signing this Agreement, he relinquishes any right to receive any personal monetary relief or personal equitable relief with respect to any matter as to which he has released claims. As of the date of this Settlement Agreement, the Plaintiff does not have any charge or complaint against the Defendants pending with the Equal Employment Opportunity Commission or similar state agency, or with the National Labor Relations Board.

**Defendants**

Defendants release Plaintiff from any and all claims, charges, actions, and causes of action of any kind or nature that Defendants once had, could have had, or now have arising out of Plaintiff's employment with Defendants forming subject matter of the Pending Action, whether such claims are now known or unknown to Defendants, from the beginning of the world to the date of the Agreement.

6.      **Plaintiff's Responsibility for Taxes.** Plaintiff assumes full responsibility for the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff and/or Plaintiff's Counsel pursuant to this Agreement. Although Plaintiff believes, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or

3

any other federal, state or local government, administrative agency or court determines that any Plaintiff and/or any Defendants are liable for any failure by Plaintiff to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiff agrees to hold Defendants harmless for any such liability.

7.    **Payment.**

A.    In consideration of the promises of Plaintiff set forth herein, Defendants shall issue the Settlement Payment set forth in Section 4 as a full and complete settlement and in final satisfaction of any and all claims pertaining to Plaintiff's employment with Defendants, forming subject matter of the Pending Action, that Plaintiff has or may have against Defendants, through the date Plaintiff executes this Agreement, as well as any claim for attorneys' fees and costs.  The Settlement Payment shall be due and payable via a certified bank check for an amount of Ten Thousand and 00/100 Dollars ($10,000.00) to "Pardalis & Nohavicka, LLP *as attorneys for* Roberto Cruz Santis", delivered to Pardalis & Nohavicka, LLP at 3510 Broadway Suite 201, Astoria, New York 11106.

B.    The Settlement amount will be distributed as follows: (a) Plaintiff will receive a total sum of Six Thousand Fifty Four and 67/100 Dollars ($6,054.67); and (b) Plaintiff's Counsel will receive a total sum of Three Thousand Nine Hundred Forty Five and 33/100 Dollars ($3,945.33) representing attorney's fees and costs.

C.    Payment shall be due no later than seven (7) days after both the following conditions are met: (a) Plaintiff has executed this Agreement and delivered the same to Defendants' counsel; and (b) Plaintiff's Counsel has executed and delivered to counsel for Defendants a valid IRS Form W-9. Plaintiff's Counsel will hold the settlement payment in a client escrow account of that Firm until the United States District Court for the Southern District of New York enters an order dismissing the Lawsuit with prejudice. Once the settlement check clears the Plaintiff's Counsel's escrow account, Plaintiff shall file a Notice of Voluntary Dismissal with the Court.

D.    No sum of money will be distributed from Plaintiff's Counsel's escrow account to Plaintiff or to Plaintiff's Counsel's operating account unless and until the Court fully and finally dismisses the Pending Action. In the event the Court does not dismiss this Pending Action, the settlement amount will be immediately returned to Defendants' Counsel.

E.    The total amount of the Settlement Payment shall be made without any tax withholdings and shall be reflected on a valid IRS Form 1099 issued to Plaintiff's Counsel, subject to the Court's review and approval of this Agreement.

8.    **Neutral Reference.** If contacted by future employers, the Defendants will provide verification to such prospective employers and other third parties of the dates of Plaintiff's employment relationship with the Defendants and his position(s) held.

9.      **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Venue and jurisdiction for any dispute between the parties shall lie in the United States District Court for the Southern District of New York. However, if the District Court should refuse or decline to accept jurisdiction over the settlement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York. Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

10.      **Liability in case of breach.** In the event that a Party believes that the other Party has failed to comply with any term of this Settlement Agreement, that Party shall provide written notice to counsel for the other Party detailing the claimed violation(s) or breach(es). Within thirty (30) days of receipt of that notice, the Parties will engage in good faith discussions to resolve the issue. Thereafter, if the Parties disagree on the matters set forth in the notice, they will settle the dispute by seeking appropriate legal and/or injunctive relief, and the prevailing party will be entitled to an award of its reasonable attorneys' fees and costs.

11.      **Status of Settlement If Case Is Not Ultimately Dismissed.** In the event the Court does not dismiss the Pending Action as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

12.      **Important Acknowledgments.** It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

13.      **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all

5

agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

14.    **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

15.    **No Waiver.** Failure by any party to enforce or seek to remedy any breach under this Agreement shall not be construed as a waiver of such rights nor shall a waiver by either party of default be construed as constituting a continuing waiver or as a waiver of any other breach.

16.    **Execution In Counterpart and Facsimile Signatures.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

17.    **Knowing and Voluntary Release of Claims.**    Plaintiff acknowledges that:

A.    Plaintiff has carefully read this Settlement Agreement and he fully understands its meaning;

B.    Plaintiff has been advised that an individual waiving rights under the Age Discrimination in Employment Act ("ADEA") is entitled to a minimum of 21 days within which to consider this agreement and release, and therefore Plaintiff acknowledges that he has 21 days from the date of receiving this Settlement Agreement, which contains a release of ADEA claims, to return the signed Settlement Agreement and release. Plaintiff acknowledges that he may execute and return this Agreement and release earlier if he so decides, and that by executing and returning this agreement and release during the 21 day period, he will waive any right to consider the Agreement and release for the 21 day period. Plaintiff acknowledges that he has been further advised that he may consult with an attorney or other adviser of his choosing prior to making the decision to execute and return this Settlement Agreement.

C.    Defendants hereby advise Plaintiff in writing that Plaintiff should consult with an attorney before signing the Settlement Agreement, and Plaintiff acknowledges that he has in fact consulted with an attorney regarding this Agreement, or that he has waived this right.

D.    Plaintiff is signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and

E.    Everything Plaintiff is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Plaintiff to sign it.

6

18.     **Revocation.** Plaintiff understands and agrees that he has a period of seven (7) days following the signing of this Agreement to revoke it. Plaintiff understands that in the event that any Plaintiff revokes this Agreement, the entire Agreement shall be null and void and of no force or effect on either party and therefore Defendants will be under no obligation to make the payments set forth in Sections 4 and 7. In order to revoke this Agreement, the Plaintiff wishing to do so must sign and send a written notice of the decision to do so, addressed to Defendants' Counsel and the written notice must be received by Defendants no later than the eighth day after Plaintiff signed this Agreement. Plaintiff further understands that this Settlement Agreement shall not be effective or enforceable until the day after the seven (7) day revocation period has expired and provided that Plaintiff has not exercised his right to revoke this Settlement Agreement.

19.     **Severability.** Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by another competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.


**[THIS REMAINDER OF THIS PAGE HAS BEEN LEFT BLANK INTENTIONALLY]**

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer, to execute this Agreement.

**PLAINTIFF:**

ROBERTO CRUZ SANTIS
Date: _MAY 15_, 2017

**DEFENDANTS:**

PIZZA & PITA 34TH, INC. d/b/a PIZZA & PITA

By: _MAGDY MAZROUB_
_, Authorized Officer_
Date: _5/9/17_, 2017

_MAGDY MAZROUEA_
**MAGDY MAZROVEA**
Date: _5/9/_, 2017

**SYED MOHAMMAD**
Date: _5/9/17_, 2017

8

## ROBERTO CRUZ SANTIS DAMAGE CALCULATIONS - FOR SETTLEMENT PURPOSES ONLY

| WKS | START DATE | END DATE | HOURLY RATE RECEIVED | OT HOURS WORKED | OT RATE | OT OWED | Liquidated damages 29 U.S. Code § 216 / NYLL § 198 * | NYLL Prejudgment Interest (9%) | TOTAL AMT DUE |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 9/26/2016 | 10/2/2016 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 10.33 | $ 192.33 |
| 2 | 10/3/2016 | 10/9/2016 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 10.01 | $ 192.01 |
| 3 | 10/10/2016 | 10/16/2016 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 9.69 | $ 191.69 |
| 4 | 10/17/2016 | 10/23/2016 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 9.37 | $ 191.37 |
| 5 | 10/24/2016 | 10/30/2016 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 9.05 | $ 191.05 |
| 6 | 10/31/2016 | 11/6/2016 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 8.78 | $ 190.78 |
| 7 | 11/7/2016 | 11/13/2016 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 8.46 | $ 190.46 |
| 8 | 11/14/2016 | 11/20/2016 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 8.14 | $ 190.14 |
| 9 | 11/21/2016 | 11/27/2016 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 7.83 | $ 189.83 |
| 10 | 11/28/2016 | 12/4/2016 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 7.51 | $ 189.51 |
| 11 | 12/5/2016 | 12/11/2016 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 7.19 | $ 189.19 |
| 12 | 12/12/2016 | 12/18/2016 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 6.87 | $ 188.87 |
| 13 | 12/19/2016 | 12/25/2016 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 6.55 | $ 188.55 |
| 14 | 12/26/2016 | 1/1/2017 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 6.28 | $ 188.28 |
| 15 | 1/2/2017 | 1/8/2017 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 5.96 | $ 187.96 |
| 16 | 1/9/2017 | 1/15/2017 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 5.64 | $ 187.64 |
| 17 | 1/16/2017 | 1/22/2017 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 5.32 | $ 187.32 |
| 18 | 1/23/2017 | 1/29/2017 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 5.01 | $ 187.01 |
| 19 | 1/30/2017 | 2/5/2017 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 4.73 | $ 186.73 |
| 20 | 2/6/2017 | 2/12/2017 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 4.41 | $ 186.41 |
| 21 | 2/13/2017 | 2/19/2017 | $ 13.00 | 14 | $ 6.50 | $ 91.00 | $ 91.00 | $ 4.09 | $ 186.10 |
| | | | | | | | Unpaid wages, liquidated damages & interest | $ | 3,973.24 |

Failure to procure a signed acknowledgment of wage rate pursuant to NYLL § 195(1) — $5,000.00

Failure to provide accurate wage statements pursuant to NYLL § 195(3) — $5,000.00

**Attorneys Fees** — TBD

**Court Expenses** — TBD

**Total Damages Due** — $ 13,973.24

*There is disputed authority in the Second Circuit as to whether a Plaintiff can recover cumulative damages under both the FLSA and NYLL. *See e.g. Kernes v Glob. Structures, LLC*, No. 15CV00659(CM)(DF), 2016 WL 880199 (S.D.N.Y. Mar. 1, 2016)(allowing double recovery). However, for purposes of settlement only, these damage calculations do not account for cumulative liquidated damages.

** This damages chart is based upon preliminary information and the expected testimony of Plaintiff and was prepared without the benefit of Defendants' required wage and hour records under the FLSA and NYLL. Plaintiff reserves the right to revise, supplement or amend this chart.

## RETAINER AGREEMENT

I, **Roberto Cruz Santis**, *the Client* residing at **35-65 85th Street, Apt. 4C, Jackson Heights, New York 11364** hereby agrees to retain the Law Firm of **Pardalis & Nohavicka, LLP** with offices at 35-10 Broadway, Astoria, NY 11106, to prosecute a claim for unpaid wages against **Pizza & Pita** and any other necessary parties or entities.

The undersigned further agrees to pay Law Firm for such legal services rendered Thirty-Three and One Third percent (33 1/3%) of any and all payments recovered by suit settlement or otherwise

Such percentage shall be computed on the net sum recovered after deducting from the amount recovered expenses and disbursements for expert testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action. In computing the fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered. Any and all appeals arising out of this matter shall not be included as part of this retainer.

If the cause of action is settled by Client without the consent of Attorney, Client agrees to pay Attorney the above percentage of the full amount of the settlement for the benefit of Client to whomever paid or whatever called. The attorney shall have, in the alternative, the option of seeking compensation on a *quantum meruit* basis to be determined by the court. In such circumstances the court would determine the fair value of the services Attorney shall have, in addition, Attorney's taxable costs and disbursements. In the event the Client is represented on appeal by another attorney, Attorney shall have the option of seeking compensation on a *quantum meruit* basis to be determined by the court

If it is decided by either attorneys or client to terminate this engagement, the firm will charge for any fees and disbursements already incurred, as well as for any further reasonable fees and expenses incurred in transferring the firm's representation to another counsel of the client's choice. The client will then pay the firm any outstanding balances on the firm's statements in excess of the retainer amount, and the firm will refund to the client any excess funds after that payment. If the above arrangements are satisfactory, please sign this letter in the space provided below and return it to the firm with the retainer check. If the firm represents the clients on subsequent matters, this agreement will extend to all such matters, except to the extent that both parties mutually agree to modify it.

**IN THE EVENT OF A FEE DISPUTE, THE CLIENT MAY HAVE THE RIGHT TO SEEK ARBITRATION, UNDER PART 137 THE RULES OF THE CHIEF ADMINISTRATOR. MAVROMIHALIS, PARDALIS & NOHAVICKA WILL PROVIDE THE CLIENTS WITH THE NECESSARY INFORMATION REGARDING THE ARBITRATION PROCEDURE IN THE EVENT OF A FEE DISPUTE, OR UPON THE CLIENTS' REQUEST.**

Dated: 02/16/2017

AGREED BY AND BETWEEN:
**PARDALIS & NOHAVICKA, LLP**


_____
Elleana Maidiotis, Esq.


_____
By: **Roberto Cruz Santis**, *Client*



# INVOICE

Invoice # 4145
Date: 05/19/2017
Due On: 06/03/2017

# Pardalis & Nohavicka LLP

3510 Broadway, Suite 201
Astoria, NY 11106

Roberto Cruz Santis

## 17LAB010

## Roberto Cruz Santis v. Pizza & Pita 34th, Inc. et al (Original File No. 17FED007)

| Type | Date | Description | Quantity | Rate | Total |
|---|---|---|---|---|---|
| Service | 02/16/2017 | Created new file. Scanned and Uploaded to Clio: Retainer Agreement, Fair Labor Form, Photo ID and Client Intake Sheet. | 0.33 | $450.00 | $150.00 |
| Service | 02/17/2017 | Corporate entity search for Defendants | 0.30 | $450.00 | $135.00 |
| Service | 02/17/2017 | Drafted notice of claim for the matter | 0.50 | $450.00 | $225.00 |
| Service | 02/17/2017 | Reviewed the website of the restaurant and saved relevant webpages | 0.20 | $450.00 | $90.00 |
| Service | 02/28/2017 | Phone call from Client regarding the status of the case | 0.20 | $450.00 | $90.00 |
| Service | 02/28/2017 | Phone call from Opposing Counsel Marvin David regarding the matter | 0.20 | $450.00 | $90.00 |
| Service | 02/28/2017 | Prepared damage calculations for Client Roberto | 0.75 | $450.00 | $337.50 |
| Service | 03/01/2017 | Discussion with Opposing Council regarding settlement. | 0.20 | $450.00 | $90.00 |
| Service | 03/02/2017 | Phone call with Client regarding new person who may want to join | 0.20 | $450.00 | $90.00 |
| Service | 03/16/2017 | Update to client regarding his case. | 0.30 | $450.00 | $135.00 |
| Service | 03/21/2017 | Settlement discussions with Opposing Counsel. | 0.20 | $450.00 | $90.00 |
| Service | 03/22/2017 | Call and message left to Opposing Counsel. | 0.10 | $450.00 | $45.00 |
| Service | 03/23/2017 | Settlement discussions with Opposing Council. | 0.20 | $450.00 | $90.00 |
| Service | 03/24/2017 | Met with client Roberto Cruz with Orlando to obtain further details; informed of potential opt-in | 1.50 | $450.00 | $675.00 |

Case 1:17-cv-02212-PGG   Document 19   Filed 06/19/17   Page 17 of 20
Case 1:17-cv-02212-PGG   Document 16-4   Filed 05/19/17   Page 2 of 5

Invoice # 4145 - 05/19/2017

| Service | 03/24/2017 | Met with Roberto Cruz client from Pizza and Pita updating him with the recent information and I have done Spanish translation about updates given to him by office . | 1.00 | $450.00 | $450.00 |
|---------|------------|---|------|---------|---------|
| Service | 03/24/2017 | Initial draft of Complaint | 2.00 | $450.00 | $900.00 |
| Service | 03/27/2017 | Review, modifications and filing of complaint, civil cover sheet and summons. | 2.50 | $450.00 | $1,125.00 |
| Expense | 03/27/2017 | Reimbursable expense: Clerk of the Court - Index No. | 1.00 | $400.00 | $400.00 |
| Service | 03/28/2017 | Receipt and review of multiple docket entries for the matter; including issuance of summons. | 0.50 | $450.00 | $225.00 |
| Service | 03/29/2017 | Prepared Notice of Appearance for Taso Pardalis and Joseph Nohavicka | 0.50 | $450.00 | $225.00 |
| Service | 03/29/2017 | Filed consent to join form. | 0.20 | $450.00 | $90.00 |
| Service | 03/31/2017 | Receipt and Review of Scheduling Order; Calendared dates; Tasks created | 0.40 | $450.00 | $180.00 |
| Service | 04/03/2017 | Spoke to client Roberto Cruz who inquired about update as to his case (see notes). | 0.33 | $450.00 | $150.00 |
| Expense | 04/03/2017 | Reimbursable expense: SERVICO - service fee | 1.00 | $62.00 | $62.00 |
| Service | 04/04/2017 | Met with Defendant Magdy Mazrovea in regards to potential settlement. | 1.00 | $450.00 | $450.00 |
| Service | 04/04/2017 | Meeting with Defendant in an effort to settle. | 0 50 | $450.00 | $225.00 |
| Service | 04/04/2017 | Called client who rejected settlement offer of $6,000. | 0.33 | $450.00 | $150.00 |
| Service | 04/07/2017 | Receipt and review of email drafted re correction of error in filing the notice of appearance in the matter. | 0.20 | $450.00 | $90.00 |
| Service | 04/07/2017 | Had settlement discussion with Magdy Mazrovea in which we informed him client rejected $6,000 offer, we countered and asked for $10,000. | 0.50 | $450.00 | $225.00 |
| Service | 04/07/2017 | Called and left message for client asking him to call us back, wanted to confirm if he would be comfortable with accepting $10,000 settlement. | 0.42 | $450.00 | $187.50 |
| Service | 04/10/2017 | Called and left message for Magdy Mazrovea to touch base and see what his partner thinks about $10,000 offer. | 0.33 | $450.00 | $150.00 |
| Service | 04/10/2017 | Spoke to client via phone and informed him of recent development of case: we rejected $6,000 offer and are moving for $10,000. | 0.33 | $450.00 | $150.00 |
| Service | 04/10/2017 | Receipt and review of the affidavit of service for the corporate defendant; Filed the same | 0.60 | $450.00 | $270.00 |

Invoice # 4145 - 05/19/2017

| | | | | | |
|---|---|---|---|---|---|
| Service | 04/10/2017 | Called Magdy Mazrovea to determine if he had a chance to touch base with his business partner to see if they would be willing to settle for $10,000; said he would reach back out to us by tomorrow 4/11/17. | 0.33 | $450.00 | $150.00 |
| Service | 04/11/2017 | Drafted Affidavit of Service for service of the Scheduling Order as per order and Judge's rules | 0.50 | $450.00 | $225.00 |
| Service | 04/12/2017 | Spoke to client Roberto Cruz who asked current status of case and settlement offer. | 0.25 | $450.00 | $112.50 |
| Service | 04/12/2017 | Spoke to Mr. Mazrovea who offered with $8,000 to settle claim. | 0.50 | $450.00 | $225.00 |
| Service | 04/13/2017 | Called and left message for Magdy Mazrovea and asked him to give us a call back. | 0.33 | $450.00 | $150.00 |
| Service | 04/14/2017 | Edited Affidavit of Service re service of scheduling order | 0.25 | $450.00 | $112.50 |
| Service | 04/14/2017 | Review and corrections to the affidavit of service of the court order and judge's rules | 0.30 | $450.00 | $135.00 |
| Service | 04/17/2017 | Called and left message for owner of Pizza & Pita Magdy Mazrovea to inquire as to status of claim. | 0.33 | $450.00 | $150.00 |
| Service | 04/17/2017 | Called owner of Pizza & Pita Magdy Mazrovea again and left message asking to speak to him. | 0.25 | $450.00 | $112.50 |
| Service | 04/17/2017 | Spoke to co-owner who said he needs one week to speak to co-owner of Pizza & Pita to make sure they can make the $10,000 offer. | 0.33 | $450.00 | $150.00 |
| Service | 04/17/2017 | Affidavit Draft | 0.30 | $450 00 | $135.00 |
| Service | 04/17/2017 | Spoke to client who stated he wanted to know if there were any developments in case; informed him owner of Pizza & Pita is discussing with his business partner if they can collectively make the offer of $10,000. | 0.33 | $450.00 | $150.00 |
| Service | 04/20/2017 | Called co-owner to see if he had chance to discuss with partner whether they can settle for $10,000. | 0.25 | $450.00 | $112.50 |
| Service | 04/20/2017 | Spoke to Magdy Mazrovea who said he will be able to give us final answer as to settlement on 4/24/17. Informed him if we do not obtain specific answer to the $10,000 settlement we will have no choice but to move forward with matter. | 0.33 | $450.00 | $150.00 |
| Service | 04/24/2017 | Called Magdy Mazrovea back and left a message for him to call me back. | 0.42 | $450.00 | $187.50 |
| Service | 04/24/2017 | Spoke to Magdy Mazrovea via phone to have entire matter and claim settled for $10,000 | 0.50 | $450.00 | $225.00 |
| Service | 04/24/2017 | Spoke to client via phone who agreed to settle claim for $10,000 and confirmed he will take 2/3 and we will retain 1/3 of our portion. | 0.50 | $450.00 | $225.00 |

Invoice # 4145 - 05/19/2017

| Service | 04/24/2017 | Confirmed with business owner Mr. Mazrovea via phone that our client agreed to a $10,000 settlement offer and he agreed as well. Confirmed we will send over settlement agreement. | 0.33 | $450.00 | $150.00 |
|---|---|---|---|---|---|
| Service | 04/25/2017 | Drafted the settlement agreement for the matter | 2.50 | $450.00 | $1,125.00 |
| Service | 04/25/2017 | Review and minor modifications made to settlement agreement. | 0.40 | $450.00 | $180.00 |
| Expense | 04/25/2017 | Reimbursable expense: Serve NY - Service Fees (2 Defendants) | 1.00 | $150.00 | $150.00 |
| Service | 04/25/2017 | Minor edits and additions to the settlement agreement | 0.30 | $450.00 | $135.00 |
| Service | 04/26/2017 | Called owner Magdy Mazrovea to obtain email address so we may email settlement agreement to him; left voicemail asking to give our office a call back with required information. | 0.25 | $450.00 | $112.50 |
| Service | 04/27/2017 | Called owner Magdy Mazrovea to obtain email address so we may email settlement agreement to him; left voicemail asking to give our office a call back with required information. | 0.25 | $450.00 | $112.50 |
| Service | 04/27/2017 | Called and spoke to owner Magdy Mazrovea and received fax number so we can fax over agreement to him. | 0.25 | $450.00 | $112.50 |
| Service | 04/27/2017 | Faxed over settlement agreement to Magdy Mazrovea. | 0.25 | $450.00 | $112.50 |
| Service | 04/27/2017 | Scanned and uploaded fax confirmation of sent settlement agreement. | 0.25 | $450.00 | $112.50 |
| Service | 04/28/2017 | Called and left message for Magdy Mazrovea to have him confirm with us that he received settlement agreement and when he can sign and send back to us. | 0.25 | $450.00 | $112.50 |
| Service | 05/01/2017 | Called and spoke to business owner Magdy Mazrovea and confirmed he received fax of settlement agreement and will send to us signed and executed. | 0.33 | $450.00 | $150.00 |
| Service | 05/01/2017 | Spoke to client and provided update via phone informing him other side has settlement agreement and will be signing this week. | 0.25 | $450.00 | $112.50 |
| Service | 05/01/2017 | Spoke to newly retained attorney Abraham Hamra regarding settlement amount and sending over settlement agreement. | 0.33 | $450.00 | $150.00 |
| Service | 05/03/2017 | Replied to e-mail from opposing counsel informing him we can dismiss matter without prejudice | 0.33 | $450.00 | $150.00 |
| Service | 05/03/2017 | Receipt and review of Opposing Counsel's email and response | 0.20 | $450.00 | $90.00 |

Invoice # 4145 - 05/19/2017

| Service | 05/08/2017 | Spoke to client Roberto Cruz and gave him update as to settlement agreement which is currently being reviewed. | 0.33 | $450.00 | $150 00 |
| Service | 05/08/2017 | Receipt and review of Opposing Counsel's changes to settlement agreement; email back approving the changes. | 0.30 | $450.00 | $135.00 |
| Service | 05/09/2017 | Finalized settlement agreement based on Opposing Counsel's changes; sent it back to Opposing Counsel. | 0.30 | $450.00 | $135.00 |
| Service | 05/10/2017 | Drafted the fairness letter addressed to the Judge re the settlement agreement | 3.50 | $450.00 | $1,575.00 |
| Service | 05/10/2017 | Legal research re requirement of court approval while filing notice of voluntary dismissal with prejudice | 1.00 | $450.00 | $450.00 |
| Service | 05/15/2017 | Met with client to have him sign settlement agreement and explained overall settlement payment process/ timeline. | 1.00 | $450.00 | $450.00 |
| Service | 05/15/2017 | Scanned and uploaded executed settlement agreement. | 0 33 | $450.00 | $150.00 |
| Service | 05/18/2017 | Review and modifications to fairness letter; sent to Opposing Counsel. | 1.00 | $450.00 | $450.00 |
| Service | 05/18/2017 | Receipt and review of the Notice of Appearance filed by the opposing counsel | 0.20 | $450.00 | $90.00 |

**Total    $17,397.00**

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 4145 | 06/03/2017 | $17,397.00 | $0.00 | $17,397.00 |
| | | | **Outstanding Balance** | **$17,397.00** |
| | | | **Total Amount Outstanding** | **$17,397.00** |

Please make all amounts payable to: Pardalis & Nohavicka LLP

Please pay within 15 days.